UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JANE FIXTER,

                          Plaintiff,

                                                      Case # 16-CV-6231-FPG

v.

                                                       DECISION AND ORDER

COUNTY OF LIVINGSTON, et al.,

                          Defendants.
_____

## INTRODUCTION

Jane Fixter ("Plaintiff") brought this 42 U.S.C. § 1983 action against New York State employees Amy Saeva and Laura Welch (the "State Defendants"), Livingston County, and Livingston County employees Lynne Mignemi, Karen Weidman, Elizabeth Laney, and Debra Mack (the "County Defendants") (collectively "Defendants"). ECF No. 1. Plaintiff's allegations arise from a state court finding that she violated the terms of her probation by consuming alcohol. *Id.* Plaintiff alleges that Defendants fabricated incriminating and destroyed exculpatory evidence, entered her home without a warrant, consent, or probable cause, denied her procedural due process, and unlawfully imprisoned her. *Id.* at ¶¶ 49-68, 77-82. Plaintiff also alleges that that Livingston County was negligent in hiring, retaining, supervising, and controlling its employees and was deliberately indifferent to her serious medical needs. *Id.* at ¶¶ 72-76, 83-85.

Defendants have moved to dismiss Plaintiff's Complaint. ECF Nos. 4, 8. First, Defendants argue that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's claims challenging the constitutionality of her incarceration. ECF No. 4-2 at 6-12; ECF No. 10 at 6-9.

Second, the County Defendants argue that Plaintiff's claims against Livingston County must be dismissed because Plaintiff failed to allege that a county policy or custom deprived her of her rights. ECF No. 10 at 13-15. For the reasons stated below, Defendants' Motions to Dismiss (ECF Nos. 4, 8) are granted and Plaintiff's Complaint is dismissed.

## BACKGROUNG

The terms of Plaintiff's probation required her to participate in Livingston County Drug Treatment Court. ECF No. 1. At ¶ 19. Plaintiff's participation in Treatment Court required her to submit to a urine screen, which tested her urine for alcohol, on April 17, 2013. *Id.* After Plaintiff submitted to that urine screen, Defendant Saeva, a state employee and Livingston County Treatment Court liaison, informed Plaintiff that her urine tested positive for alcohol. *Id.* at ¶ 20. Plaintiff alleges that Defendant Saeva destroyed her urine sample and replaced it with a different sample. *Id.* at ¶¶ 19, 25.

On April 18, 2013, Plaintiff was required to attend a Treatment Court hearing. *Id.* Plaintiff alleges that Defendant Saeva and Defendant Mack falsely testified at the hearing. *Id.* at ¶23. Plaintiff also alleges that Defendant Welch, a Livingston County court reporter, altered the transcript of the hearing. *Id.* ¶¶ 22, 26, 42-43.

After the hearing on April 18, 2013, Plaintiff was incarcerated for five days. *Id.* at ¶ 23. Upon her release, Plaintiff was placed on electronic home monitoring. *Id.* On two occasions, the home monitoring device reported that Plaintiff had consumed alcohol. *Id.* at ¶¶ 34-35. Plaintiff alleges that these reports were false-positives. *Id.* ¶¶ 34-35.

On June 10, 2013, Plaintiff was informed that she was violating the terms of her probation. *Id.* at ¶¶ 36. Two days later, Plaintiff was Plaintiff was arrested. *Id.* at ¶¶ 29-30.

Plaintiff pled guilty to a probation violation and was sentenced to 1-3 years in prison. She served approximately 18 months. *Id.* at ¶ 45.

While incarcerated, Plaintiff alleges that she suffered from serious dental pain resulting from abscesses in her mouth. *Id.* at ¶ 41. Plaintiff alleges that she requested treatment, but her requests were denied. *Id.* On September 3, 2013, Plaintiff was transferred to a New York State Department of Corrections and Community Services facility. *Id.* After she was transferred, Plaintiff was prescribed antibiotics and her teeth were removed. *Id.*

## DISCUSSION

To succeed on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the defendant must show that the complaint contains insufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Plausibility "is not akin to a probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Rather, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* A pleading that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (internal

quotation marks omitted); *see also Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) ("As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.").

Because Plaintiff is proceeding *pro se*, her pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Her pleadings are interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

## I. Claims Implying the Invalidity of Plaintiff's Imprisonment

Plaintiff alleges that Defendants altered and concealed evidence, that they unlawfully entered her home, that they denied her procedural due process, and that those actions resulted in her conviction of a probation violation. ECF No. 1 at ¶¶ 49-71, 77-82. Defendants argue that because an award of damages on the basis of these allegations would imply the invalidity of Plaintiff's conviction, and because Plaintiff has not alleged that her conviction has been declared invalid, these claims must be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 4-2 at 6-12; ECF No. 10 at 6-9. The Court agrees.

In *Heck*, the Supreme Court announced what many have referred to as the "favorable termination" rule. *Id.* That rule provides that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a statue tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Where a

4

plaintiff seeks damages under § 1983, a "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of this conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Six of Plaintiff's claims rely on Plaintiff's factual assertions that Defendants testified falsely, fabricated incriminating evidence, and withheld exculpatory evidence. *See* ECF No. 1 at ¶¶ 49-71, 77-82. Those six clams clearly imply the invalidity of Plaintiff's probation violation conviction. Because Plaintiff has not demonstrated that her conviction has been invalidated, those claims must be dismissed. *See Heck*, 512 U.S. at 487.

## II. Claims Against Livingston County

Plaintiff's remaining two claims assert that Livingston County was deliberately indifferent to her serious medical needs and negligent in hiring, retaining, supervising, and controlling its employees. ECF No. 1 at ¶¶ 72-76, 83-85. The County Defendants argue that these claims must be dismissed because Plaintiff failed to allege that the challenged conduct resulted from a county custom or policy. ECF No. 10 at 13-15. The Court agrees.

### a. Indifference to Serious Medical Needs

Although municipalities may be sued under 42 U.S.C. § 1983, a local government may not be held liable under § 1983 unless the challenged action was performed pursuant to a municipal policy or custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

5

To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted).

Plaintiff alleges that "Livingston County failed to provide proper medical care to an individual who was in their custody and control." ECF No. 1 at ¶ 73. Plaintiff alleges that "despite [her] numerous requests, dental attention was denied." *Id.* But Plaintiff does not allege that she was denied medical care as a result of an official custom or policy. *Monell*, 436 U.S. at 694; *Zahra*, 48 F.3d at 685. Indeed, Plaintiff does not even allege that the County has a custom or policy regarding requests for dental care. For that reason, Plaintiff has not plausibly alleged that Livingston County is liable for the alleged indifference to her medical needs.

### b. Negligent Hiring, Retaining, Supervising, and Controlling its Employees

A plaintiff who claims her rights were violated by virtue of inadequate training by a municipality must show "the failure to train amounts to a deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). "[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives." *Id.* at 389 (internal quotation marks omitted). To show such deliberate indifference in the failure to train context, a plaintiff must demonstrate that: (1) a policymaker knows "to a moral certainty" that her employees will confront a given situation; (2) the situation presents the employee with a difficult choice of the sort that training or supervision will make less difficult, or there is a history of employees mishandling that situation; and (3) the incorrect choice by the city

6

employee will frequently cause the deprivation of a citizen's constitutional rights. *Walker v. City of New York*, 974 F.2d 293, 297 (2d Cir. 1992).

Plaintiff alleges that the County "authorized, permitted, and tolerated the custom and practice of the unconstitutional acts by employees . . . by failing to appoint, promote, train, supervise employees, servants and agents who would protect the constitutional rights of the people of said jurisdiction." ECF No. 1 at ¶ 84. But Plaintiff does not allege facts that suggest inadequate training or demonstrate how these alleged failures led to the challenged conduct. *See Phelan ex rel. Phelan v. Mullane*, 512 Fed. App'x 88, 91 (2d Cir. 2013) ("Plaintiffs do not point to any training deficiency."); *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 130 (2d Cir. 2004) ("It is impossible to prevail on a claim that the Town's training program was inadequate without any evidence as to . . . how better or different training could have prevented the challenged conduct.") (international quotation marks omitted). Conclusory allegations of inadequate training are not enough. *See Iqbal*, 556 U.S. at 678; *see also Hall v. Cty. of Ontario*, 14-CV-6059, 2015 WL 1458674 at *7 (Mar. 30, 2015 W.D.N.Y) (noting that the allegation "a defacto policy, practice, and/or custom of unlawfully interfering with and/or arrested, without reasonable suspicion or probably cause, individuals who exercise their rights to seek welfare" was too conclusory to state a plausible allegation of inadequate training). Accordingly, Plaintiff has not plausibly alleged that Livingston County is liable for the challenged conduct.

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss (ECF Nos. 4, 8) are GRANTED. Plaintiffs' Complaint is dismissed, and the Clerk of Court is directed to close this case.

7

IT IS SO ORDERED.

Dated: April 27, 2017
       Rochester, New York

                                                    _____
                                                    HON. FRANK P. GERACI, JR.
                                                    Chief Judge
                                                    United States District Court